DAVID D. TUNCAP, Administrator of the Estate of JUAN M. TUNCAP, deceased, Appellant

v.

JOSEPH M. DEVILLE, Appellee

Civil No. 74-A

District Court of Guam

Appellate Division

August 11, 1972

Before PECKHAM, TURNER, and BENSON, *Judges*

BENSON, *Designated Judge*

OPINION

The plaintiff-appellant's action on two promissory notes was filed in the Island Court of Guam on December 17, 1969. The complaint and the summons were served on the defendant-appellee on December 27, 1969. The summons required that the defendant answer the complaint within twenty days. On January 23, 1970, a deputy clerk signed the default, and judgment was signed by a judge of the Island Court. The default and the judgment were filed at

9:23 A.M., January 27, 1970 and entered in the docket on the same day.

At 9:23 A.M., January 27, 1970, the defendant filed his answer to the complaint.

On April 30, 1971, the defendant's attorney moved for an order vacating the judgment. On June 8, 1971, an order vacating the judgment was filed and entered in the docket. The plaintiff appeals.

The appellant appeals upon the ground that the Island Court was without authority to vacate the judgment under Rule 60(b)(1) of the Rules of Civil Procedure for the Island Court because the motion came more than a year after the judgment. It is not clear from the record whether the court vacated the judgment under Rule 60(b)(1) or 60(b)(6). These questions will not be decided since this decision is reached on another ground.

Section 664 of the Code of Civil Procedure reads as follows:

"The judgment must be entered by the clerk, in conformity to the decision of the court, immediately upon the filing of such decision. *In no case is a judgment effectual for any purpose until so entered.*" (Emphasis added.)

Section 671 of the Code of Civil Procedure reads:

"Immediately after filing the judgment roll the clerk must make the proper entries of the judgment under appropriate heads in the docket kept by him."

(At the time of the filing of this judgment, no judgment book was kept by the Island Court as required by Section 668 of the Code of Civil Procedure.)

Both the judgment and the answer were filed at 9:23 A.M., January 27, 1971. As to the answer, this filing was the operative act. Section 585, Code of Civil Procedure. As to the judgment, the entry was the operative act. Since the

209

answer was filed before the judgment became effectual by entry, the judgment is void. The action is now at issue.

It is therefore ordered that the case be remanded to the Island Court for further proceedings in accordance with this opinion.